895 F.2d 627
 20 Envtl. L. Rep. 20,474
 OREGON NATURAL RESOURCES COUNCIL, Plaintiff-Appellant,
v.
David MOHLA, in his official capacity as Supervisor, Mt.
Hood National Forest, James F. Torrence in his official
capacity as Regional Forester, Pacific Northwest Region;
United States Forest Service, an agency of the United
States; and Avison Timber Company, Defendants-Appellees.
 No. 89-35350.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 17, 1989.
Decided Feb. 7, 1990.
 
 Victor M. Sher, Todd D. True, Corrie J. Yackulic, Sierra Club Legal Defense Fund, Seattle, Wash., for plaintiff-appellant Oregon Natural Resources Council.
 Donald A. Carr, Acting Asst. Atty. Gen., Charles H. Turner, U.S. Atty., Thomas C. Lee, Asst. U.S. Atty., Portland, Or., Robert L. Klarquist, Martin W. Matzen, Attys., Dept. of Justice, Washington, D.C., Val J. McLam Black, John B. Munson, Attys., Office of Gen. Counsel, U.S. Dept. of Agriculture, Portland, Or., for defendants-appellees David Mohla, James Torrence, and the U.S. Forest Service.
 William F. Lenihan, Schwabe, Williamson, Wyatt & Lenihan, Seattle, Wash., Ridgway K. Foley, Jr., P.C., Elizabeth Duncan Ryan, Schwabe, Williamson & Wyatt, Portland, Or., for defendant-appellee Avison Timber Co.
 Appeal from the United States District Court for the District of Oregon.
 Before GOODWIN, Chief Judge, SCHROEDER and PREGERSON, Circuit Judges.
 GOODWIN, Chief Judge:
 
 
 1
 This case requires us to resolve an issue we explicitly left open in Portland Audubon Society v. Lujan, 884 F.2d 1233 (9th Cir.1989): whether section 314 of Pub.L. No. 100-446, 102 Stat. 1825 (1988) bars a challenge to a Forest Service timber sale which raises environmental concerns in the context of the individual sale.
 
 
 2
 Alleging a violation of the National Environmental Policy Act (NEPA), 42 U.S.C. Secs. 4321-70 (1982), Oregon Natural Resources Council (ONRC) challenges the United States Forest Service's decision to sell 240 acres of primarily old-growth forest in the Mt. Hood National Forest in Oregon. The district court held that ONRC's challenge was jurisdictionally barred by section 314, which prohibits challenges to Forest Service plans on the sole basis that the plans in their entirety are outdated.
 
 
 3
 The planning history leading to the Forest Service's decision to auction the Badger Creek Resell[1] is important to an understanding of the nature of ONRC's challenge to this timber sale. In early 1975, the Forest Service completed a Land Use Plan (LUP) and an accompanying Environmental Impact Statement (EIS) for the Salmon River Unit and Roaring River Unit, where the Badger Resell is located. The LUP operates as a broad planning guide to direct specific resource management, including timber, within the areas covered by the plan. The general management policy for the Roaring River General Forest Unit is that "[t]imber will be managed to maintain a variety of successional types, high water quality and high timber productivity." The accompanying EIS evaluated the environmental effects of this policy, and concluded that timber harvest would adversely affect the habitat for those amphibians, mammals, and birds which require old-growth forests. Environmental concerns were thus recognized and placed in tension with productivity concerns.
 
 
 4
 In 1977, the Forest Service completed a ten-year Timber Management Plan (TMP) and an accompanying EIS for the Mt. Hood National Forest. The Badger Resell lies entirely within that forest. The EIS accepted the land use allocation for high timber productivity made in the TMP, and considered the environmental impact of various timber management alternatives, from lowering the then-current level of timber harvest to increasing timber harvest. The TMP adopted a plan calling for intensive timber management, which the EIS concluded would cause adverse environmental effects through the loss of old-growth habitat. The plan was nonetheless adopted, and the decision to convert the old-growth forest to second-growth managed "tree farms" became final.
 
 
 5
 On August 2, 1977, the Forest Service prepared a site-specific Environmental Analysis Report (EA) for the Badger Resell. The EA was "tiered" to the LUP and its accompanying EIS, which means that the EA accepted the land use allocations made in the LUP. See 40 C.F.R. Sec. 1502.20 (1988). The EA evaluated only site-specific concerns, including the environmental impact of the proposed timber sale.
 
 
 6
 On September 24, 1979, the Forest Service sold the timber now called the Badger Resell to the Publishers Paper Company. No environmental litigation by ONRC challenged that sale. The contract was in default and was returned to the Forest Service in early 1986, under the provisions of the Federal Timber Contract Payment Modification Act, 16 U.S.C. Sec. 618 (1985).
 
 
 7
 The Forest Service prepared a supplement to the 1977 Badger Resell EA, and concluded that a timber resale would not significantly affect the quality of the environment, making the preparation of an EIS for the sale unnecessary. Based on this finding, the Forest Service approved the resale, and, in March, 1988, published a Decision Notice to reoffer Badger Resell. ONRC administratively appealed the resale. The Forest Service denied the appeal. Following the denial of ONRC's administrative appeal, the Forest Service auctioned the Badger Resell and awarded the timber contract to Avison Timber Company (Avison).
 
 
 8
 ONRC filed a complaint in district court against the Forest Service and Avison, seeking declaratory relief and an order enjoining the logging of Badger Resell. The district court granted summary judgment to the Forest Service, holding that ONRC's challenge to the logging of Badger Resell constituted an impermissible challenge to decisions made in the TMP, and was therefore barred by section 314. A temporary restraining order delayed the actual logging of the sale until midsummer in 1989, and part of the timber was removed after the TRO was lifted.[2]
 
 
 9
 Is ONRC's Challenge Barred by Section 314?
 
 
 10
 Section 314 bars challenges to a Forest Service plan "on the sole basis that the plan in its entirety is outdated." It permits challenges to "any and all particular activities to be carried out under existing plans." ONRC appeals the district court's finding on summary judgment that ONRC challenges the logging of Badger Resell solely on the basis that the TMP in its entirety is outdated. ONRC argues that its challenge comes within the savings clause for particular activities.
 
 
 11
 There is a strong presumption in favor of judicial review of administrative actions. Love v. Thomas, 858 F.2d 1347, 1356 (9th Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 1932, 104 L.Ed.2d 403 (1989). We narrowly construe prohibitions against judicial review. Id.
 
 
 12
 ONRC's NEPA claim is not phrased as a challenge to the existing Forest Service TMP. Instead, as the district court noted, ONRC phrases its claim as a challenge to the procedures the Forest Service used in reoffering the Badger Resell for timber harvest. ONRC contends that the EA, first published in 1977, is outdated, and the Forest Service's decision not to revise the EA or prepare a supplemental EIS in light of significant new findings concerning the relationship between flora and fauna and the human environment in old-growth forests violated NEPA.
 
 
 13
 The district court broadly construed section 314, as prohibiting judicial challenge to an individual timber sale where the challenge does not involve information specific to that timber sale. As the court noted, the Forest Service's decision to log old growth was made more than ten years ago in the TMP and its accompanying EIS. Because ONRC's contention that the Forest Service failed to consider significant new findings concerning the value of old-growth forests is the type of generic issue which brings into question decisions made in the Forest Service TMP, the district court found that ONRC's challenge was jurisdictionally barred by section 314. The court observed that, if it allowed ONRC's challenge, the practical effect would be that ONRC or similarly motivated plaintiffs would be able to stop any Forest Service timber sale which offers old-growth forests for logging in accordance with current Forest Service plans.
 
 
 14
 This case requires us to grapple with section 314's extraordinary language once again. See Portland Audubon Society v. Lujan, 884 F.2d 1233 (9th Cir.1989). Section 314 bars a court challenge only "on the sole basis that the plan in its entirety is outdated." On its face, this is not such a challenge. In its administrative appeal, ONRC challenged the site-specific Badger Resell EA on the ground that the EA failed to address new information regarding old-growth forests. While ONRC's challenge to the adequacy of this EA is couched in site-specific terms, the suit, if successful, would enable the plaintiffs to challenge, sale by sale, the entire Mt. Hood National Forest Timber Management Plan on the ground that the EAs failed to take into account new information. Such challenges would amount to an attack on the entire plan as outdated because it failed to take into account recent ecological studies of the value of old-growth forests. While the statute suffers from some want of clarity which is not substantially cured by legislative history, it is plain that Congress did not intend such litigation.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 The Badger Creek sale was "repossessed" in 1986 by the Forest Service when economic conditions made the original sale improvident. The sale is referred to as the "Resell" in this opinion
 
 
 [2]
 The case is not moot because logging was not completed during the 1989 summer season